# Commonwealth v. Hall.

June 10, 1947.

Edward P. Hill, Judge.

Eldon S. Dummit, Attorney General, C. F. Kelly, Assistant Attorney General, and Chas. L. Seale, Special Attorney, for appellant.

Francis M. Burke and Joe P. Tackett for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

In the late afternoon of May 1, 1943, appellee was injured and his truck was damaged when he ran into a stump which he claims was projecting into Highway No. 122 near Salisbury, Kentucky, but which the Commonwealth contends was lying on the shoulder of the highway. Previous to the accident a tree had fallen across the highway, and the maintenance crew of the Highway Department, first having sawed it into sections, left its stump lying either on or very near the blacktop of the highway. By permission of the General Assembly, this action was instituted against the Highway Department for damages by reason of its negligence in obstructing the road. On the trial the jury returned a verdict in favor of appellee in the sum of $3,000. For reversal appellant contends (1) the verdict of the jury is excessive and not supported by the evidence; (2) the Court erred in instructing the jury in respect to damages to the truck, because no competent evidence was introduced to support such an instruction; and (3) the Court erred in overruling appellant's motion to set aside the swearing of the jury and to continue the case during the progress of the trial.

The evidence as to the negligence of the Highway Department in obstructing the highway is conflicting. Appellee testified that the stump projected 12 to 18 inches onto the highway; in this he was supported by the testimony of the witnesses, Clive Akers, Tax Commissioner of Floyd County, and Honorable Doug Hays,

a member of the State Senate from that District. Both of these witnesses testified that, previous to the accident and after the tree had been sawed by the Highway Department, the stump projected and extended from 12 to 18 inches into the highway; and Senator Hays testified that he notified an employee of the Highway Department of that condition. Employees of the Department testified that the stump was 18 to 20 inches from, but off of, the blacktop, and that it was in the same position after the accident as it was before. Appellee rounded a curve at the brink of a hill, saw the stump and steered his truck toward the center of the highway; he then observed another truck proceeding in his direction around a curve ahead. When he sensed the danger he applied his brakes, but was unable to stop and was forced to strike the stump to avoid a collision with the approaching truck. Appellee and other witnesses testified that it was impossible for two cars to pass at the place of the accident because of the obstruction; whilst employees of the Department variously testified that the road at that point is 16 to 18 feet wide. No one testified as to the actual measurements. The Commonwealth's witnesses contradicted those testifying in appellee's behalf, but their testimony merely made an issue for the jury. If appellee and his witnesses' testimony is true, the Highway Department was negligent and such negligence was the proximate cause of the accident. Therefore, the Court did not err in overruling appellant's motion for a peremptory instruction, and the evidence was sufficient to support the verdict of the jury in so far as it found the Highway Department to have been guilty of the negligence which was the proximate cause of the injuries.

The only doctor who treated appellee for his injuries testified three and one-half years after the accident, without first having refreshed his recollection by reference to his records. As to his recollection of the injuries, the doctor stated:

"Q. What was he (appellee) suffering with when he was admitted to the hospital (immediately after the accident)? A. As I recall his case, he had a fracture of the left arm about three or four inches above the wrist. He had numerous abrasions over the face and shoulder.

"Q. What about his hand? A. I think his hand had a laceration, probably on the wrist.

"Q. Do you recall whether or not he had a broken nose? A. No.

"Q. How long did he remain under your care, if you remember? A. I couldn't give the exact date, but usually in cases of this kind we usually keep them under our care from six to eight weeks.

"Q. Have you made an examination of Mr. Hall recently? A. No, sir.

"Q. Did the injuries he had and which you treated, such that would be permanent and create a permanent impairment, without giving the extent of the impairment? A. It is possible there might be some weakness to the arm and the abrasions over the arm would likely leave scars.

"Q. Would you say the injuries to his face and head would cause his hearing to be impaired? A. I don't know. I can't answer that."

It is contended that since appellee testified his hearing was impaired from the injuries he sustained and that his nose was broken in the accident, and since the doctor (three and one-half years later) did not remember the broken nose and could not answer the question as to impairment of hearing, the Commonwealth was entitled to a peremptory instruction, upon the theory that the injuries claimed were not sustained. We can not follow this argument. Even if the doctor had testified positively that appellee's nose was not broken and that his hearing was not impaired, the injuries he did testify to were sufficient to support a $2,500 judgment, assuming, as the Commonwealth contends, that the jury awarded not less than $500 for the damage to the truck.

The contention that there was no competent evidence in respect to the difference in the value of the truck immediately before and immediately after the accident likewise is without merit. Hargis Hall (not related to appellee), who removed the truck from the road, testified that he was acquainted with the truck and that its value immediately before the accident was $900 to $950, and immediately after the accident was

$350 to $400; he testified that he was in the garage business, had thirteen years' experience as a mechanic, and was acquainted with the market value of trucks similar to appellee's in that community at the time of the accident. This witness' experience and knowledge rendered him competent to testify as an expert on the value of the truck and the damage to it; therefore, the Court did not err in instructing the jury in respect to damages to the truck.

We pass to the final complaint. On cross-examination by counsel for appellant, Senator Hays was asked the following question and made the following answer:

"Q. Speaking about the pavement, you mean the shoulder of the road or edge of the metal? A. There isn't much shoulder; the black top is very near the edge of the road. The stump is there yet and the shoulder is there yet and the slip is there yet and I saw this fellow all crippled up and we introduced this Resolution in 1944 to give him authority to bring this suit and the Governor vetoed it."

The court sustained an objection to the answer and admonished the jury not to consider it. Thereupon counsel moved the Court to set aside the swearing of the jury and to continue the case "on account of said statement by said witness." The Court overruled this motion and counsel excepted to this ruling of the Court. Counsel for appellant calls our attention to the decision in Commonwealth et al. v. Daniel, 266 Ky. 285, 98 S. W. 2d 897, 898, wherein the Court said: "Immunity from suit is a privilege which a sovereign may waive or refuse to waive at its pleasure, but, if it waives the privilege, it can do so with such restrictions as it sees fit to impose." They next call our attention to the fact that the resolution granting appellee permission to sue the Commonwealth contains the following provision: "No statement in this Resolution shall be considered by either the Court or the Jury as an admission of negligence on the part of the Commonwealth, and this Resolution shall not be introduced as evidence for either party nor commented upon by counsel in argument to the Jury." They then argue that the witness Hays, in referring to the resolution in his testimony, violated the quoted provision of the resolution; and that since he

originally was introduced by appellee, the latter is chargeable with the violation, and the Court erred in overruling appellant's motion to set aside the swearing of the jury and continue the case.

The statement complained of was made spontaneously on cross-examination, and apparently without intent to acquaint the jury with the fact that the suit was authorized by the General Assembly. As a matter of fact, the resolution referred to by the witness was one passed by the General Assembly of 1944 and was vetoed by the Governor, whereas the one by the authority of which the suit was instituted was passed by the General Assembly of 1946 and approved by the Governor. An innocent reference to a resolution which did not become law can not be held to violate a provision prohibiting reference to a later one that did. Of course this evidence was incompetent because it was irrelevant and was not responsive to the question; but the Court admonished the jury not to consider the statement, and it was not error for him to overrule the motion to set aside the swearing of the jury.

The judgment is affirmed.